UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OSBOURNE S. CORNWALL and
ROSALIND C. CORNWALL,

      Plaintiffs,

v.                            CASE NO. 8:15-CV-2616-T-EAK-AAS

THIRD FEDERAL SAVINGS & LOAN,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This cause came before the Court pursuant to a *Motion to Dismiss Plaintiff's Complaint* ("**Motion to Dismiss**") filed by Defendant Third Federal Savings & Loan ("the **Defendant**") (Doc. 13) and a *Response in Opposition to Defendant's Motion to Dismiss* (the "**Response**") (Doc. 15) filed by Plaintiffs Osbourne C. Cornwall and Rosalind C. Cornwall ("the **Plaintiffs**"). For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.

## BACKGROUND

The Plaintiffs filed this action on November 6, 2015 in the United States District Court for the Middle District of Florida. The Defendant subsequently filed its Motion to Dismiss on January 29, 2016.

The following facts are submitted by the Plaintiffs in their Complaint. The Court recognizes these as "facts" only in regard to the resolution of this pending Motion to Dismiss.

The Defendant offered their 'Borrower Response Package' to the Plaintiffs in exchange for upfront fees from the Plaintiffs in the amount of $4,000.00. Pl.'s Compl. ¶

10, Nov. 6, 2015, No. 8:15-cv-2616. The Plaintiffs paid the fees before securing a written agreement, and the Defendant failed to obtain a loan modification, substantially reduce the mortgage payments, or stop the foreclosure action after these fees were paid. Pl.'s Compl. ¶ ¶ 11–12.

The Plaintiffs paid the $4,000.00 under the guise that litigation has a high likelihood of resulting in the consumer's favor and The Defendant induced them to continue participating in litigation by misinforming the Plaintiffs about the status of their case. Pl.'s Compl. ¶ ¶ 41–42. The Defendant assured the Plaintiffs from April 2012 to March 2013 that a loan modification was forthcoming, and the Plaintiffs relied on these assurances and did not avail themselves of viable alternative courses to prevent foreclosure. Pl.'s Compl. ¶ ¶ 47–49.

## LEGAL STANDARD

A defendant to a complaint may move to dismiss such a complaint under Rule 12(b)(6) for "failure to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "plausible on its face" when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not a "probability standard" but requires more than a "sheer possibility" that the allegations are true. *Id.*

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of circumstances that would entitle

2

him to relief. *Ass'n of People with Disabilities v. Smith,* 227 F. Supp. 2d 1276, 1280 (M.D. Fla. 2002). When considering a motion to dismiss, this Court must accept all of the alleged facts as true and resolve them in the light most favorable to the non-moving party. Fed. R. Civ. P. 12.

## LEGAL ANALYSIS

According to 28 U.S.C. § 1331 (2016), district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Two of the Plaintiffs' claims arise under sections 1031, 1036(a), 1054 and 1055 of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531, 5536(a), 5564, 5565 and under section 626 of the Omnibus Appropriations Act, 2009 (as amended by section 1097 of the CFPA), 12 U.S.C. § 5538, and its implementing regulation, the Mortgage Assistance Relief Services Rule (MARS Rule, or Regulation O), and 12 C.F.R. pt. 1015 (2012). As a result, the district court has original jurisdiction over these claims. The Plaintiffs also have claims that arise under the Florida Unfair and Deceptive Trade Practices Act ("FDUTPA"), Chapter 501, Part II, Florida Statutes and other state laws. The Court also has jurisdiction over these state claims under supplemental jurisdiction. Supplemental jurisdiction gives district courts jurisdiction "over all other claims that are so related to claim in the within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367 (2016).

The Defendant argues in its Motion to Dismiss that this case should be dismissed for the following reasons: no private right of action exists to enforce the Consumer Financial Protection Act, Regulation O, and other federal financial regulations; the

3

FUDTPA does not apply to banks and savings loan associations regulated by federal agencies; and the civil theft, promissory estoppel, and negligence claims are barred by *res judicata*. Upon review, the Court responds to the issues in the positive.[1]

## I.   No Private Right of Action

The Defendant argues that there exists no private right of action to enforce the Consumer Financial Protection Act, Regulation O, and the other federal financial regulations under which the Plaintiffs have brought this action. 12 U.S.C. § 5564(a)–(b) states: "If any person violates a federal consumer law, the Bureau may . . . commence a civil action against such a person. The Bureau may act in its own name and through its own attorneys in enforcing any provision of this title, rules thereunder, or any other law or regulation . . . ." The laws that the Plaintiffs base their claims upon are a provision of Title 12, and therefore the right of action to enforce the laws rests with the Consumer Financial Protection Bureau. There is no language that indicates that the Act may be enforced by a private citizen.

The United States Supreme Court has held that "[s]ince the Act conferred no specific, individually enforceable rights, there was no basis for private enforcement, even by a class of the statute's principal beneficiaries." *Gonzanga Univ. v. Doe,* 536 U.S. 273, 281 (2004). The statute at issue does not confer any specific, individually enforceable rights and therefore there is no basis for private enforcement. The issue of

---

[1] The Defendant also argues that the Plaintiff's claims are barred under the *Rooker-Feldman* doctrine. The doctrine states that "federal courts do not have the power to modify or reverse state court judgments . . . ." Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 462 (5th Cir. 2004). Therefore, any claims requesting the reversal of the foreclosure action should also be dismissed with prejudice pursuant to the *Rooker-Feldman* doctrine.

no private right of action affects Counts I and II of the complaint, and these counts are thus dismissed with prejudice.

## II.    Count III: Violation of Florida Unfair and Deceptive Trade Practices Act

The Defendant argues that FUDTPA does not apply to banks and savings loan associations regulated by federal agencies. Fla. Stat. § 501.212(4)(c) states that this section "does not apply to banks and savings loan associations regulated by federal agencies." See *Farrell v. Florida Republicans,* 2013 U.S. Dist. LEXIS 141599 ("FDUTPA specifically does not apply to banks regulated by federal agencies . . . .") Since the Defendant is a savings and loan association regulated by the federal government, FDUTPA does not apply and Count III is dismissed with prejudice.

## III.   Claims are Barred by *Res Judicata*

The Defendant argues that the civil theft, promissory estoppel, and negligence claims are barred by *res judicata* because of the Defendant's previous foreclosure action. "Res judicata bars litigation of claims that were or could have been raised in a prior action." *Iberiabank v. Bradfrod Geisen, FFS Data Inc. (In re FFS Data, Inc.),* 776 F.3d 1299, 1306 (11th Cir. 2015). For *res judicata* to apply: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same cause of action." *Kaiser Aerospace & Elecs. Corp. v. Teledyne Indus., Inc. (In re Piper Aircraft),* 244 F.3d 1289, 1296 (11th Cir. 2001).

The prior decision was rendered by the Circuit Court of Polk County, which had competent jurisdiction. Def.'s Mot. Dismiss 10, Jan. 29, 2016, No. 8:15-cv-2616. The

Circuit Court of Polk County rendered a final judgment on the merits. Def.'s Mot. Dismiss, Exhibit B. Both cases involve the same parties because the Plaintiffs were the defendants in Third Federal's foreclosure action. Def.'s Mot. Dismiss 10. The real property that was the subject of that action is the property that the Plaintiffs seek to regain. Def.'s Mot. Dismiss 10.

The Plaintiffs argue that these claims were not ripe at the time of the Defendant's foreclosure action. Pl.'s Resp. to Def.'s Mot. Dismiss 3, Feb. 29, 2016, No. 8:15-cv-2616. Count VI alleges that the civil theft claim arises from the Defendant taking $4,000.00 from the Plaintiffs and misinforming them in order to get the Plaintiffs to participate in litigation. Pl.'s Compl. ¶ ¶ 41–42. However, these actions took place before the final judgment in the foreclosure action, and therefore could have been raised during that action.

Count V alleges that the promissory estoppel claim arises because the Plaintiffs relied upon the Defendant's assurance that foreclosure would not be pursued, and the Plaintiffs would receive a loan modification. Pl.'s Compl. ¶ 48. However, these assurances took place between April 2012 and March 2013. Pl.'s Compl. ¶ 48. The final judgment of the foreclosure action took place on September 23, 2013. Def.'s Mot. Dismiss, Exhibit B. Therefore, the promissory estoppel claim could have been raised during that action.

Count VI argues that the negligence claim arises because the Defendant mishandled the Plaintiffs' application for loan modification. Pl.'s Compl. ¶ ¶ 54–57. However, this claim could have also been brought before the court prior to the final judgment in the foreclosure action.

The Plaintiffs could have, but did not, raise any issue regarding civil theft, promissory estoppel, or negligence in the previous foreclosure action. As a result, Counts VI, V, and VI barred by *res judicata* and are dismissed with prejudice.

## CONCLUSION

Accordingly, it is **ORDERED** that the Defendant's Motion to Dismiss (Doc. 13) is **GRANTED** and the Plaintiffs' Complaint is dismissed with prejudice.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 25th day of July, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to: All Parties and Counsel of Record.